IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

David Norington
Plaintiff,
  -v-
Illinois Department of Corrections,
Director, S.A. Godinez, Then Warden David A.
Rednour, Lieutenant Scott, c/o M.S. Schnicker, c/o
Langston, c/o S. Bethel, c/o N. Mane, c/o Ross, c/o John
Doe, Lieutenant M.A. Mifflin,
Defendants.

Civil Action No. #3:12-CV-00807-GPM

SCANNED AT MENARD and E-mailed
8-7-12 by BB 5 pages
date   initials   No.

Memorandum of Law, In Support of Plaintiff's 42 Section 1983 U.S. Code, Civil Rights Complaint.

1.) On 8/15/11, Plaintiff wrote a 6 page grievance, and hand written a original copy of the 6 page grievance, that same date 8/15/11, Plaintiff sent his 6 page grievance to the grievance officer (Tracy Gruber Harrington).

2.) On 8/19/11, Plaintiff wrote a 1 page grievance, and hand written a original copy of the 1 page grievance, that same date 8/19/11, Plaintiff sent his 1 page grievance to the grievance officer (Tracy Gruber Harrington).

3.) On 8/23/11, Plaintiff received back his 6 page grievance, along with a memo attached, the memo directed Plaintiff to sign, date, and put his I.D. number on his grievance, Plaintiff did as the memo directed him to do, and Plaintiff placed his grievance back in the bars of his cell for the 3rd shift officer to pick up mail. SEE: Original memo exhibit, attached to Plaintiff's Civil Complaint.

4.) On 8/26/11, Plaintiff received back his 1 page grievance, along with a memo attached, the memo directed Plaintiff to sign, date, and put his I.D. number on his grievance, Plaintiff did as the memo directed him to do, and Plaintiff placed his grievance back in the bars of his cell for 3rd shift officer to pick up mail. SEE: Original memo exhibit, attached to Plaintiff's Civil Complaint.

(1)

5.) Approximately 30 days go by, so Plaintiff decide to write a kite to the grievance officer (Tracy Gruber Harrington), to get an update on his grievance's. Plaintiff saw the grievance officer coming down 4 gallery, Plaintiff was housed in cell N2-4-30, so plaintiff stopped the grievance officer, and asked if (she) received the letter (he) just sent to (her), the grievance officer stated "(she) never received a letter from (me), so plaintiff asked this grievance officer if (she) received his grievance's, this grievance officer stated "(she) never received any grievance's from plaintiff, so plaintiff got out the (2) memo's this grievance officer sent him, and showed them to the grievance officer, and plaintiff asked this grievance officer "Is this your name on these memo's", the grievance officer stated "yes", "I asked the grievance officer are these the memo's (you) sent to (me) back with my grievance's for (me) to sign, date, and put my I.D. number on the bottom of my grievance's", the grievance officer said "yes". See: Original memo's Exhibits, attached to plaintiff's civil complaint.

6.) Then Plaintiff asked this grievance officer (Tracy Gruber Harrington) "Where are my grievance's, grievance officer stated "they must still be on (her) desk waiting to be signed", Plaintiff stated that (he) needed a response to (his) grievance's issues, and that (he) needed (his) grievance's back, this grievance officer stated "(she) would take care of it", Plaintiff never saw either of (his) grievance's, nor the grievance officer after that day.

7.) By this grievance officer (Tracy Gruber Harrington), sending Plaintiff's grievance's back with a memo attached shows that the grievance officer did in fact receive Plaintiff's grievance's, in a timely manner, because, the Assult on Plaintiff happend on 7/22/11, Plaintiff went to the adjustment committee on 7/26/11, so Plaintiff's 60 day requirement to file a grievance was (not) up, when grievance officer sent Plaintiff's grievance's back with those memo's attached to them, by the grievance officer stating on (her) memo's to Plaintiff, for Plaintiff to sign, date, and put I.D. number on (his) grievance's at the bottom of the grievance form, where it says "Check only if an Emergency", and sending Plaintiff (his) grievance's back, and when Plaintiff did as the memo's directed (him) to do, and Plaintiff

(2)

placed (his) grievances in the bars of (his) cell for the 3rd shift officer to pick-up mail, caused either the (destruction) of Plaintiff's grievances, or the (lost) of Plaintiff's grievances.

8.) According to the grievance officer (Tracy Gerube Harrington), here at Menard Correctional Center, Plaintiff, and (all) inmates here in Menard Correctional Center, and in the State of Illinois's I.D.O.C.'s, pertaining to grievance procedures, has to sign, date, and put our I.D. numbers in the area marked for emergency grievances.

9.) According to "D.R. 504/810-860 of the grievance procedure, only signatures is required when the grievance is an emergency," Plaintiff's grievances was (not) an emergency, In all delay, and Interference is due solely to the grievance officer (Tracy Gerube Harrington), and the Felonious memo's, further support thereof: see: Miller-v-Tanner, 196 F.3d, 1190 (11th Cir. 1999).

10.) *5. Civil Rights, key note 209/ "State prison inmate did not fail to exhaust his administrative remedies, as required under Prison Litigation Reform Act (PLRA) to bring §1983 claim, by failing to sign, and date prison grievance form, where prison had detailed set of standard operating procedures (SOP) relating to inmate grievances, but, (SOP)'s did not require that an inmate sign, or date a grievance form when submitting it to his or her counselor, nor require that inmates file their grievances under penalty of perjury, but, rather, only require inmate signature upon inmates receipt of response from Warden" 42 U.S.C.A § 1983; Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997E(a)."

(3)

Conclusion.

Plaintiff would ask that my cause be remanded, also Plaintiff is seeking Monetary Compensation, as well as an Injunction.

Respectfully submitted, This day of __8__, __7__, 2012.

David Norington
David Norington
#804938

(4)

IN THE
United States District Court
For The Southern District of Illinois

David Norington
Plaintiff,

v.

Director, S.A. Godines
Defendants Et. AL.

Case No. 3:12-CV-00807-GPM

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of Court
United States District
Court, Southern District of
Illinois, P.O. Box 249 East
St. Louis, Illinois 62201

TO: Lisa Madigan
Attorney General
100 West Randolph
Chicago, Illinois
60601

TO: _____

TO: _____

PLEASE TAKE NOTICE that on 8/7/, 2012, I have placed the documents listed below in the institutional mail at E-Filed Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: Memorandum of Law, In Support of Plaintiff's Civil Rights Complaint, 42 USC - Section 1983.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 8/7/2012

/s/ David Norington
NAME: David Norington
IDOC#: B04938
Menard Correctional Center
P.O. BOX 1000
Menard, IL 62259

Revised July 2004

AUG 23 2012  11:57 AM