IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID NORINGTON, No. B-04938, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-cv-807-GPM |
| | ) | |
| ILLINOIS DEPARTMENT of | ) | |
| CORRECTIONS, | ) | |
| S.A. GODINEZ, DAVID A. REDNOUR, | ) | |
| LT. SCOTT, M.J. SCHNICKER, | ) | |
| C/O LANGSTON, S. BETHEL, | ) | |
| N. MAUE, C/O ROSS, M.A. MIFFLIN, | ) | |
| and UNKNOWN PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 33 year sentence for murder.

The following is an overview of the allegations in Plaintiff's first amended complaint (Doc. 10). On July 22, 2011, Defendant Schnicker wrote a false disciplinary ticket against Plaintiff (Doc. 10, p. 4). When Defendants Bethel, Maue, Scott, and an Unknown Party guard came to remove Plaintiff from his cell, they assaulted him and injured his face and shoulder (Doc. 10, p. 5). That altercation resulted in Defendants Bethel and Maue issuing two more false disciplinary charges against Plaintiff. Other than having blood cleaned off his face and some minor first aid, Plaintiff received no medical care for his injuries (Doc. 10, pp. 6-7). At the hearing on the disciplinary tickets, Defendant Mifflin removed Plaintiff from the hearing room before he could explain the events or present a defense. No witnesses were called for Plaintiff

despite his request. As punishment, Plaintiff was put into disciplinary segregation. Finally, Plaintiff's grievances filed after he was sent to segregation were lost, destroyed, or ignored.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Bethel, Maue, Ross, Scott, and the Unknown Party guard for excessive force (Count 1), and Defendants Mifflin, Schnicker, Langston, Bethel, and Maue for deprivation of a liberty interest without due process (Count 2).

As to the allegations of deliberate indifference to medical needs (Count 3), the complaint as it stands fails to state a claim upon which relief may be granted against any of the named Defendants. He claims that during his time in segregation, he repeatedly submitted sick call requests seeking medical attention (Doc. 10, p. 7). However, he does not identify who was allegedly responsible for denying his requests for care. In order to state a claim for deliberate indifference, a prisoner must have an objectively serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Further, the Defendant had to be aware of that condition, yet fail to take appropriate steps to mitigate the harm to the prisoner. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). A defendant's inadvertent error, negligence or even malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Here, Plaintiff claims he had wounds and scars that required emergent medical attention beyond the gauze he was provided, but the complaint does not sufficiently plead deliberate indifference on the part of any individual, thus this claim shall be dismissed at this time. However, the Court will grant Plaintiff leave to amend his complaint in order to identify any Defendants who were deliberately indifferent to Plaintiff's serious medical needs, and to

include factual allegations to support this claim.

Plaintiff's complaints over the destruction, loss, and mishandling of his grievances (Count 4) fail to state a constitutional claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Finally, the damage claims against Defendants Illinois Department of Corrections ("IDOC"), Godinez, and Rednour shall be dismissed with prejudice. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that Defendants Godinez or Rednour are "personally responsible for the deprivation of a constitutional right." *Id.* As for the IDOC, as a state agency, it is immune from a suit for money damages under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). While the IDOC, as well as Defendants Godinez and Rednour, may be proper parties where injunctive relief is sought, Plaintiff has failed to articulate what type of injunctive relief might be indicated in this case. He merely says that he "seeks Injunctive-Declaratory Relief against all Defendants" (Doc. 10, p. 11). Based on this boilerplate request, the claim for injunctive relief shall also be dismissed against Defendants IDOC, Godinez, and Rednour.

**Pending Motion**

On August 23, 2012, Plaintiff filed a motion for production of documents (Doc. 11), directed at all Defendants, requesting information on any Defendants who have complaints lodged against them regarding staff assault against inmates. Such a motion is premature, *see*

Fed. R. Civ. P. 34, 37, and it is therefore **DENIED** without prejudice.  A schedule regarding discovery shall be established by the U.S. Magistrate Judge in due course.

**Disposition**

Defendants **ILLINOIS DEPARTMENT of CORRECTIONS, GODINEZ** and **REDNOUR** are **DISMISSED** from this action without prejudice.  **COUNT 3** is dismissed with leave to file an amended complaint.  **COUNT 4** is dismissed with prejudice.

Plaintiff is **ADVISED** that his First Amended Complaint (Doc. 10), filed August 23, 2012, superseded and replaced the original complaint (Doc. 1) as well as all exhibits filed with the original complaint (Doc. 1-1).  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  Plaintiff must therefore re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Plaintiff shall only re-file the exhibits which are relevant to **Counts 1 and 2** as designated herein.  Plaintiff shall re-file any such exhibits no later than **October 23, 2012.**

As to the dismissal without prejudice of **Count 3** (deliberate indifference to medical needs), if Plaintiff wishes to pursue this claim further, he must submit a Second Amended Complaint, describing his medical condition, stating any facts which may exist to support a deliberate indifference to medical needs claim, and naming the individual Defendants directly responsible for failing to provide him with medical care.  The Second Amended Complaint shall be filed within 35 days of the entry of this order (on or before **November 13, 2012**).

As noted above, an amended complaint supersedes and replaces the original complaint (or previous operative complaint), rendering the earlier complaint void.  *See Flannery*, 354 F.3d at 638 n.1.  The Court will not accept piecemeal amendments to a complaint.  Thus, the Second

Amended Complaint must stand on its own, and in addition to claims in Count 3, it must contain the allegations in Counts 1 and 2, which shall receive further review as determined above. However, Plaintiff shall omit the claim designated above as Count 4, which has been dismissed. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

If Plaintiff does not file a Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for deliberate indifference to medical needs (Count 3, it shall be stricken and the dismissal will become a dismissal with prejudice. Review of Plaintiff's claims in **Counts 1 and 2** shall proceed whether or not Plaintiff submits an amended complaint.

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, in order to assist him in preparing an amended complaint.

As to **COUNTS 1 and 2,** the Clerk of Court shall prepare for Defendants **SCOTT, SCHNICKER, LANGSTON, BETHEL, MAUE, ROSS,** and **MIFFLIN** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Party Defendant Guard (Count 1) until such time as Plaintiff has identified him/her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service

address for this individual.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 9, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge