IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | | |
|---|---|---|
| DAVID NORINGTON, NO. B-04938 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No.    12-807-GPM |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS | ) | |
| S.A. GODINEZ, DAVID A. REDNOUR, LT. | ) | |
| SCOTT, M.J. SCHNICKER, C/O LANGSTON, | ) | |
| S. BETHEL, N. MAUE, C/O ROSS, M.A. | ) | |
| MIFFLIN, and UNKNOWN PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants, Misti Langston, Nathan Maue, Ralph Ross, Minh Scott, and Michael Schnicker, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby respond to plaintiff's first amended complaint as follows:

## STATEMENT OF CLAIM

## COUNT #1

1.     Plaintiff: states that Defendant, Director S.A. Godines is responsible for the actions of defendant <u>then</u>, Warden David A. Rednour.

**ANSWER:** Pursuant to the Merit Review Order dated 10/10/12 (Doc. 13), the claims against Defendants Godinez and Rednour were dismissed; thus, the allegations against them require no response. To the extent that Plaintiff alleges facts that are directed at or construed against the remaining Defendants, the allegations are denied.

2.     Then Warden David A. Rednour was responsible for the actions of Lieutenant Scott, who was in charge of (North1-Cellhouse on 7/22/11, the day/date the incident occurred.

> **ANSWER:** Pursuant to the Merit Review Order dated 10/10/12 (Doc. 13), the claims against Defendant Rednour were dismissed; thus, the allegations against him requires no response. Defendant Minh Scott ("Scott") admits that he was the lieutenant in charge of North one cell house on July 22, 2011 during his shift. Defendant Scott denies violating Plaintiff's constitutional rights and further denies using excessive force against Plaintiff or depriving Plaintiff of a liberty interest without due process.

3.     Lieutenant Scott was responsible for the actions of Defendants C/O M.J. Schnicker, C/O Langston, C/O S. Bethel, C/O N. Maue, C/O Ross, and C/O John Doe, whom were <u>all</u> assigned to (North-1 cellhouse on 7/22/11, the day/date the incident occurred.

> **ANSWER:** Defendants Minh Scott, Misti Langston, Nathan Maue, Ralph Ross, and Michael Schnicker deny that they violated Plaintiff's constitutional rights. Defendant Scott further denies that he was responsible for any actions that violated Plaintiff's constitutional rights.

4.     <u>Then</u> Warden David A. Rednour, was also responsible for the actions of Lieutenant M.A. Mifflin-who was in charge of the Adjustment Committee on 7/26/11, the day/date Plaintiff went to the Adjustment Committee to contest to the (false) and (fabricated) tickets.

**ANSWER:** Pursuant to the Merit Review Order dated 10/10/12 (Doc. 13), the claims against Defendant Rednour were dismissed; thus, the allegations against him require no response. Defendants deny that Plaintiff was issued false or fabricated disciplinary tickets. Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

## COUNT II

5.      On 7/22/11, plaintiff was written (3) (false), and (fabricated) ticket.

    **ANSWER:** Defendants deny the allegations in this paragraph.

6.      The <u>first </u>ticket was written by C/O M. J. Schnicker, "304 Insolence" "206 Intimidation or threat" and "403 disobeying a direct order".

    **ANSWER:** Defendant Michael Schnicker ("Schnicker") admits that he issued Plaintiff a disciplinary report on 7/22/11 for Insolence, Intimidation or threats, and Disobeying a direct order.

7.      This C/O Schnicker lied, and said that Plaintiff "stopped (him) to tell him to get that fat bitch C/O Langston off the gallery before I kill her."

    **ANSWER:** Defendant Schnicker denies the allegations in his paragraph.

8.      On the ticket where it says "witnesses if any." C/O Langston signed (her) name and bage [sic] number.

    **ANSWER:** Defendant Misti Langston ("Langston") denies the allegations in this paragraph. Defendant Schnicker listed Langston as a witness on the disciplinary report that he issued.

9.      (If) C/O Langston was a witness to me calling (her) a "fat bitch" and threatening to kill (her), why didn't (she) write the ticket on me instead of C/O. M.J. Schnicker?

**ANSWER:** Plaintiff poses a question in this paragraph rather than asserting factual allegations; thus, Defendants cannot admit or deny the question in this paragraph. To the extent that Plaintiff asserts factual allegations against Defendants in this paragraph, Defendants deny that they violated his constitutional rights.

10.     Also (if) C/O Langston was standing there when I <u>supposedly</u> said all those things, why would I Stop C/O M.J. Schnicker to say all that, and C/O Langston is <u>supposedly</u> standing right there, (if) C/O Langston was standing when I supposedly said all those things.

**ANSWER:** Plaintiff poses a question in this paragraph rather than asserting factual allegations; thus, Defendants cannot admit or deny the question in this paragraph. To the extent that Plaintiff asserts factual allegations against Defendants in this paragraph, Defendants deny that they violated his constitutional rights.

11.     I wouldn't have stopped C/O M.J. Schnicker to say what I could've said to C/O Langston's face (if)(she) was standing there.

**ANSWER:** Defendant Schnicker stopped at Plaintiff's cell because he observed Plaintiff making profane, intimidating, and threatening statements towards Defendant Langston. Defendants Schnicker and Langston lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

12.     Plaintiff stopped C/O M.J. Schnicker to ask him for a Lt. or Sgt., because C/O Langston would not stop to see what (I) wanted when (I) called out to (her) for help.

**ANSWER:** Defendant Schnicker denies that Plaintiff stopped him to ask him to speak to a lieutenant or a sergeant. Defendant Schnicker stopped at Plaintiff's cell because he observed Plaintiff making profane, intimidating, and threatening statements towards Defendant Langston. Defendant Langston lacks sufficient knowledge to admit or deny if Plaintiff called out to her for help.

13.     C/O M.J. Schnicker, and C/O Langston was passing out lunch trays when I stopped C/O M.J. Schnicker, and asked (him) "can I speak to a Sgt. or Lt.", that's when (he pointed to C/O Langston, and told (me) "that's your gallery officer right there".

**ANSWER:** Defendants Schnicker and Langston admit that they passed out lunch trays on four gallery in north one cell house on July 22, 2011. Defendant Schnicker stopped at Plaintiff's cell because he observed Plaintiff making profane, intimidating, and threatening statements towards Defendant Langston. Defendant Schnicker lacks personal knowledge sufficient to admit or deny if Plaintiff asked him if he could speak to a sergeant or lieutenant. Defendant Schnicker lacks personal knowledge sufficient to admit or deny if he pointed at Defendant Langston and told Plaintiff that she was his gallery officer.

14.     That's when "I told C/O M.J. Schnicker that (I) do not want to talk to (her), "because I tried to stop (her) and tell (her) that (I) needed to speak to a Sgt. or Lt., but (she) kepted [sic] on walking pass [sic] my cell, and that's when C/O Langston walked off this gallery and did not come back.

**ANSWER:** Defendant Schnicker lacks personal knowledge sufficient to admit or deny if Plaintiff told him that Plaintiff did not want to talk to Langston because she

walked passed Plaintiff when he tried to stop her. Defendant Schnicker and Langston deny the remaining allegations in this paragraph.

15.     And that's when C/O M.J. Schnicker came back to my cell and asked me "what was it that I wanted" so I told (him) "(I) need to talk to a Sgt. or Lt." (He) then said (he) could'nt [sic] just go and tell the Sgt. or Lt. that (I) wanted to speak to them, and that I would have to tell (him) why I needed to speak to a Sgt. or Lt."

**ANSWER:** Defendant Schnicker denies the allegations in this paragraph.

16.     (I) went against my better judgment and (I) explained why (I) needed to speak to a Sgt. or Lt., so C/O M.J. Schnicker said okay he'll go and tell the Sgt. and Lt.

**ANSWER:** Defendant Schnicker denies the allegations in this paragraph.

17.     The next thing (I) know Lt. Scott is at my cell door telling (me) to pack my property.   "I said for what." (He) Lt. Scott said "for insolence, and intimidation, and threat," and disobeying a direct order"

**ANSWER:** Defendant Scott admits that he went to Plaintiff's cell and told him to pack up his property because Plaintiff was going to segregation as a result of the violations observed by Defendants Schnicker and Langston.

18.     "(I) asked on who. Lt. Scott would not say, (he) just told me to pack my property and walked away.

**ANSWER:** Defendant Scott denies that he would not tell Plaintiff who observed and reported the violations. Defendant Scott went to Plaintiff's cell and told him to pack up his property because Plaintiff was going to segregation as a result of the violations observed by Defendants  Schnicker and Langston.

19. C/O M.J. Schnicker, and C/O Langston, both conspired, lied, and falsified documents. A violation of plaintiff's 8th and 14th Amendment Right. See: Exhibit Grievance, See: Ticket written by C/O M.J. Schnicker See: Summary Report, Exhibit.

**ANSWER:** Defendants Schnicker and Langston deny the allegations in this paragraph.

## Count III

20. The second ticket was written by C/O S. Bethel on 7/22/11, for "601 Attempt, and 102 assaulting any person."

**ANSWER:** As this paragraph is not directed to the Defendants filing this answer, these Defendants offer no answer or response thereto. To the extent that the allegations in this paragraph are construed against the Defendants filing this answer, Defendants deny that they violated Plaintiff's constitutional rights.

21. C/O S. Bethel stated that "(I) refused to walk, and began pulling away, and "trying to kick" (him) and C/O Maue, and minimum force was used to control the situation. Plaintiff was not trying to do anything but walk.

**ANSWER:** Defendant Maue admits that when he and c/o Bethel were escorting Plaintiff to "N2" segregation, Plaintiff became combative with Maue and c/o Bethel, Plaintiff attempted to kick Bethel and Maue, and that Plaintiff was controlled using minimal means and escorted to segregation without further incident. Defendants Maue and Scott deny that "Plaintiff was not trying to do anything but walk." The remaining allegations in this paragraph are not directed to the Defendants filing this answer, thus these Defendants offer no answer or response thereto. To the extent that the allegations in this paragraph are

construed against the Defendants filing this answer, Defendants deny that they violated Plaintiff's constitutional rights.

22.     On the (false), and (fabricated) ticket written by C/O S. Bethel (he) stated that minimum force had to be used," as a result of that so called minimum-use of force."

**ANSWER:** As this paragraph is not directed to the Defendants filing this answer, these Defendants offer no answer or response thereto. To the extent that the allegations in this paragraph are construed against the Defendants filing this answer, Defendants deny that they violated Plaintiff's constitutional rights.

23.     Plaintiff was the <u>only</u> <u>one</u> assaulted, and <u>suffered</u> <u>scars</u> on the (right side of plaintiff's face), and on the (top of the right side) of plaintiff's (right shoulder). See Ticket Exhibit written by C/O S. Bethel, See Grievance Exhibit, See: Summary Report Exhibit, See: Medical Incident Report Exhibit clearly falsifying documents, and a violation of plaintiff's 8th and 14th amendment right.

**ANSWER:** Defendants deny the allegations in this paragraph.

## Count #4

24.     The third ticket was written by C/O N. Maue for "601 Attempt," and "102-Assulting any person.

**ANSWER:** Defendant Nathan Maue ("Maue") admits that he issued Plaintiff a disciplinary report on July 22, 2011 for "Attempt" and "Assaulting any person."

25.     C/O N. Maue stated that Plaintiff "became combative" with (him) and C/O S. Bethel and that plaintiff "attempted to kick" (him) and C/O S. Bethel, and that was controlled using minimum means.

> **ANSWER:** Defendant Maue admits that he stated in his disciplinary report that when he and c/o Bethel were escorting Plaintiff to "N2" segregation, Plaintiff became combative with Maue and c/o Bethel, Plaintiff attempted to kick Bethel and Maue, and that Plaintiff was controlled using minimal means and escorted to segregation without further incident.

26. This ticket that C/O N. Maue wrote is the same exact ticket that C/O S. Bethel wrote, the only difference is C/O N. Maue used the words "Attempt to Kick, it's the same.

> **ANSWER:** Defendant Maue denies that the disciplinary report that he issued against Plaintiff is the "same exact ticket that Bethel wrote." Defendant Maue admits that he issued a disciplinary report to Plaintiff for the violations that Plaintiff committed on July 22, 2011. Defendant Maue admits that he stated in his disciplinary report that when he and c/o Bethel were escorting Plaintiff to "N2" segregation, Plaintiff became combative with Maue and c/o Bethel and that Plaintiff attempted to kick Bethel and Maue.

27. Also, stated in C/O N. Maue's ticket, (he) states "Plaintiff was controlled using minimum means/use of force, again Plaintiff was the only one that was Assaulted Both tickets by C/O Bethel, and C/O N. Maue clearly shows this, and (I) have the physical scars as proof on my (body).

> **ANSWER:** Defendant Maue admits that this disciplinary report states that Plaintiff "was controlled using minimal means." Defendant Maue denies the remaining allegations in this paragraph.

28.     Lt. Scott stood by and watched and said nothing, and did nothing to stop the (sadistic), (malicious), and (vicious) assult [sic] done to plaintiff's person/body, by the 4 Co's, who are named as Defendants in this complaint.

   **ANSWER:** Defendant Minh Scott ("Scott") denies the allegations in this paragraph.

29.     Clearly a conspiracy, and clearly falsifying documents, and a violation of plaintiff's 8th and 14th amendment right.  See:  Exhibit Ticket written by C/O N. Maue, See:  Exhibit Grievance, See:  Exhibit Summary Report, See: Exhibit Medical Incident Report.

   **ANSWER:** Defendants deny the allegations in this paragraph.

### Count 5

30.     On 7/22/11, Lieutenant Scott was the Lieutenant in charge of (North1 cellhouse), and stood by and watched the (sadistic), (malicious), and (vicious) assult on Plaintiff by the 4 C/O's named as Defendants in this complaint.

   **ANSWER:** Defendant Scott admits that he was the lieutenant in charge of North one cell house on July 22, 2011 during the time of  this incident. Defendant Scott denies the remaining allegations in this paragraph.

31.     C/O S. Bethel, C/O N. Maue, C/O Ross, and C/O John Doe, Lieutenant Scott had the authority to stop the (sadistic), (malicious), and (vicious) assult [sic] on plaintiff, but did nothing to stop the assult [sic] on plaintiff, thus showing (deliberate indifference) towards plaintiff.

   **ANSWER:** Defendants Maue, Ross, and Scott deny the allegations in this paragraph.

10

32.    This Lieutenant Scott also signs (his) name as a witness on C/O S. Bethel's ticket, thus proving that he witnessed the assult [sic] on plaintiff.  Clearly a violation of Plaintiff's 8th and 14th amendment right.  See:  Ticket Exhibit written by C/O S. bethel, See:  Ticket's Exhibits See:  Grievance Exhibit, See:  Summary Report Exhibit, See: Medical Incident Report.

> **ANSWER:** Defendant Scott denies the allegations in this paragraph. C/O Bethel
> listed Defendant Scott as a witness on his July 22, 2011 disciplinary report.

**Count 6**

33.    On 7/22/11, after plaintiff arrived at North 2 Segregation, (I) was <u>thrown</u> into bull pen on this front of 2 gallery, where (I) stayed for about 15 minutes, (I) was then taken up to the infirmary where (I) was seen by a nurse (Misty Thompson), (she) took some gauzes put some water on them, and wiped some of the blood off of the (right side of my face), then put about 7 thin strips of some kind of adhesives over the (scar), on the (right side of my face), she did nothing for them (scar) on my right side of my shoulder.

> **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the
> allegations in this paragraph.

34.    Plaintiff was not given any kind of pain medication, Plaintiff was told by this nurse (Misty Thompson) 'that (she) was gonna put (me) in to see the Dr., after that (I) was placed in a cell on 4 gallery, 4-11, Where (I) waited to see the Dr., and to this day/date, (I) still have <u>not</u> seen a Dr. about my injuries, (I) was left on purpose [sic] in cell 4-11 for over 30 days, until my (scars)/wounds had healed, my (scars) are "still visable," on the (right side of my face), and on the (top right side of my shoulder).

**ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

35.     On 1/31/12 Plaintiff finally got a pass to go to the Health Care Unit to have some x-rays done after (6 months) of writing sick call requests, because of (pain) and (suffering) from my injuries from the assult [sic] on my person/body, from 7/22/11.

**ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

36.     Plaintiff was denied proper medical treatment for his injuries, due to the assult [sic] that took place on 7/22/11.  Clearly, (deliberate indifference), and a violation of plaintiff's 8th, and 14th Amendment Right.  See:  Exhibit Grievance, See:  Exhibit Medical Incident Report.

**ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's deliberate indifference to medical needs claim (Count 3) was dismissed. Thus, no response is necessary. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

**Count #7**

37.     On 7/26/11, Plaintiff received a pass for the Adjustment Committee, to contest to the (false), and (fabricated) tickets, once (I) came in front of the committee.

**ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

38.     Once (I) came in front of the Committee (I) "asked (Lt. M.A. Mifflin) if (he) called my witnesses, "(he) said "yes," (I) asked "What did they say" (he) said "my witnesses said they don't know nothing,"

> **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

39.     (If) you look at my summary report (M.A. Mifflin, Lt.) stated that "(I) did not request any witnesses," (If) you look at my tickets they clearly shows [sic] that (I) wrote the names of my witnesses on the bottom of my tickets.

> **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

40.     When (Lt. M.A. Mifflin) read the first ticket, (he) started with the ticket written by (C/O M.J. Schnicker), the (he) asked Plaintiff how do [sic] (he) plea, "(I) said not guilty," and (Lt. M.A. Mifflin) asked Plaintiff if (I) have anything to say (I) said "yes," as (I) started to explain - what happened, and I could finish Lt. Mifflin had me - removed from the Adjustment Committee for no reason that (I) can think of, so (I) never got the chance to contest to any of (false), and (fabricated) tickets, then when Plaintiff received (his) summary Report, (he) (Lt. M.A. Mifflin) stated that (I) "requested no witnesses," and that (I) gave no exonerating evidence on my behalf.  Clearly a conspiracy and a violation of Plaintiff's 14th Amendment Right.  See:  All Three tickets exhibits, See:  Summary Report Exhibit, See:  Grievance Exhibit.

> **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

## Count #8

41.     After Plaintiff was brought to Segregation, (I) started writing my grievances.

   **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

42.     I finished on 8/15/11, and (I) sent them into the Grievance Officer, on 8/15/11 (I) put them in the bars/door of my cell of North 2-4-30, to be picked up by the third shift officer, and to be placed in the grievance box at the front of gallery flag on the wall

   **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

43.     (8 days) go by, and on (8/23/11), (I) received my (6 page) grievance back from the Grievance Officer (Tracy Gruber Harrington), along with a memo attached to it, informing (me) to (sign), (date), and put my (I.D. number) on my (6 page) grievance, which (I) did, and (I) sent it back to the Grievance Officer on 8/23/11.

   **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve

claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

44.     (3 days) after (I) received my (6 page) grievance back, (I) received my (1 page) grievance back on 8/26/11, along with a memo attached to it, informing me to (sign) (date) and put my (I.D. number) on my (1 page) grievance.

> **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

45.     I did, and sent it back to the Grievance Officer on 8/26/11 the same day 8/26/11 that (I) received my grievance.

> **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

46.     30 days go by, and (I) see this Grievance Officer (Tracy Gruber Harrington) come on 4 gallery, (I) stopped (her), and asked "(her) where is my grievances," and (she) said "she) never received any grievances from Plaintiff" and that's when (I) pulled out the (#2) memo's (she) sent me attached to my grievances.

> **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was

15

dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

47.    Then (her) memory suddenly comes back, and (she) stated that "my grievances were probably still on (her desk), and (she) stated that "(she) would take care of it.

   **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

48.    I never saw (her) the Grievance Officer after that day, <u>nor</u> my (1 page) violation of my 14th Amendment Right, plaintiff had to rewrite (his) grievance. See Grievance Exhibit, See:  Both memos Exhibits.

   **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

## Count #9

49.     As of a result of the grievance officer, and counselor, plaintiff believes (they) both conspired, and destroyed (my) grievance(s), also as a result, Plaintiff had to re-write (his) grievance(s), and Plaintiff sent it in to the A.R.B., because Plaintiff could not trust sending another grievances to the Grievance Office or Counselor because of what

happened to (his) first (2) grievance(s), which Plaintiff believes [sic] (he) was <u>not</u> gonna received [sic] <u>any kind of resolution</u> to (his) issues, regarding the assult [sic] on Plaintiff from day 1.

> **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

50.     On 9/8/11, a Major Durham came on 4 gallery, (I) stopped him, because (he) was one of the majors who signed off on <u>all 3 tickets</u>, (I) showed Major Durham the three (false), and (fabricated) tickets, and explained to (him) my innocence, and showed (him) <u>all three</u> (false) and (fabricated) tickets were written

> **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

51.     (He) Major Durham, stated "yeah you're right, all three (false), and (fabricated) tickets has to be thrown out,"

> **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

52.     And then Major Durham asked me "if (I) had wrote a grievance" (I) said "yes"

> **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

53.     Then Major Durham took all three tickets from me to go and make some kind of call, but before (he) left (he) told (me) to write (him) a letter explaining what happened, (I) did, and (I) never saw or heard from Major Durham after that day.

   **ANSWER:** Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

54.     Clearly a conspiracy, See:  Grievance Exhibit, See: all three tickets, exhibits, See:  Also letter to Major Durham as Exhibit.

   **ANSWER:** Defendants deny that they violated Plaintiff's constitutional rights and further deny that they were involved in a conspiracy.

## Count #10

55.     On 10/17/11, Plaintiff sent (his) re-written grievance to the <u>A.R.B.</u> for (his) issues to be resolved, along with a letter explaining why (I) was sending my grievance to the <u>A.R.B.</u>, along with all of my evidence,

   **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

56.      (I) also sent the Director, S.A. Godines a copy of everything that (I) sent to the <u>A.R.B.</u>

   **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve

claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

57.     I also wrote a letter to the Director S.A. Godinez on 11/18/11 (Jackie Miller) at the A.R.B., sent all of my stuff back to Plaintiff, with a memo attached, stating that I need counselor's response, grievance officer's response,, and the CAO's response to appeal. See: A.R.B's memo, as Exhibit.

> **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

58.     On 11/20/11, Plaintiff sent (his) rewritten grievance to Counselor (S. Hill), (she) denied it, stating "it was over the 60 days requirement, and that (I) knew that. See: Grievance Exhibit.

> **ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

59.     On 12/6/11, Plaintiff sent (his) rewritten grievance officer (Tracy Gruber Harrington) to be resolved, (she) denied it, stating in "Red ink O.T.F," See: Grievance Exhibit.

**ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

60.     On 12/14/11, Plaintiff sent (his) rewritten grievance to the <u>A.R.B.</u> for its final stage of Administrative Remedy.

**ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

61.     On 3/7/12, Plaintiff received a memo from (Jackie Miller) of the <u>A.R.B.</u> attached to (his) grievance, and evidence, stating that "(she) was not gonna respond to Plaintiff's grievance because it was over the time limit.  See:  A<u>.R.B's</u> memo as Exhibit, See: Grievance Exhibit.

**ANSWER:** Pursuant to the Court's Merit Review Order dated 10/10/12 (Doc. 13), Plaintiff's claim regarding the mishandling of his grievances (Count 4) was dismissed. To the extent that any of the allegations in this paragraph involve claims that remain in his lawsuit, Defendants lack personal knowledge sufficient to admit or deny the allegations in this paragraph.

62.     Clearly a conspiracy and a violation of Plaintiff's 14th Amendment Right.

**ANSWER:** Defendants deny that they violated any of Plaintiff's Constitutional

right and further deny that they were involved in a conspiracy.

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to monetary damages or injunctive relief.

Defendants further deny that Plaintiff is entitled to any relief requested in the complaint.

## JURY DEMAND

Defendants demand trial by jury.

## AFFIRMATIVE DEFENSES

1.     At all times relevant herein, Defendants acted in good faith in the performance of
their official duties and without violating Plaintiff's clearly established statutory or
constitutional rights of which a reasonable person would have known.
Defendants are therefore protected from suit by the doctrine of qualified
immunity.

2.     To the extent Plaintiff failed to exhaust administrative remedies for the claims in
the Complaint, Plaintiff's claims are barred by 42 U.S.C. § 1997e.  *Dixon v. Page*,
291 F.3d 485, 489 (7th Cir. 2002).

3.     To the extent that Plaintiff's claims are against Defendants in their official
capacities, they are barred by the Eleventh Amendment and Sovereign Immunity.

4.     To the extent that Plaintiff's claims seek injunctive relief, his claims are barred by
the Eleventh Amendment and Sovereign Immunity.

5.    To the extent that Plaintiff's claims accrued more than two years prior to filing this lawsuit, his claims are barred by the statute of limitations.

                                        Respectfully submitted,

                                        MISTI LANGSTON, NATHAN MAUE, RALPH
                                        ROSS, MINH SCOTT, and MICHAEL
                                        SCHNICKER,

                                            Defendants,

                                        LISA MADIGAN, Attorney General,
Robert Rottach #6302887                 State of Illinois,
Assistant Attorney General
500 South Second Street                     Attorney for Defendants,
Springfield, Illinois 62706
(217) 782-1841 Phone
(217) 524-5091 Fax                      BY:    \s\Robert Rottach_____
                                               Robert Rottach
Of Counsel.                                    Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

DAVID NORINGTON, NO. B-04938          )
                                      )
            Plaintiff,                )
                                      )
      -vs-                            )          No.    12-807-GPM
                                      )
ILLINOIS DEPARTMENT OF CORRECTIONS )
S.A. GODINEZ, DAVID A. REDNOUR, LT.   )
SCOTT, M.J. SCHNICKER, C/O LANGSTON,  )
S. BETHEL, N. MAUE, C/O ROSS, M.A.    )
MIFFLIN, and UNKNOWN PARTY,           )
                                      )
            Defendants.               )

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2013, I electronically filed Defendants' Answer to Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system and I hereby certify that on January 8, 2013, I caused a copy of the foregoing described document to be mailed by United States Postal Service, to the following non-registered participant:

David Norington #B04938
Menard Correctional Center
Post Office Box 711
Menard, IL 62259

Respectfully submitted,

s/Robert Rottach
Robert Rottach #6302887
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841
Facsimile: (217) 524-5091

23