IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID NORINGTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-807-GPM-DGW |
| ) | |
| LIEUTENANT SCOTT, M. J. SCHNICKER, ) | |
| C/O LANGSTON, S. BETHEL, N. MAUE, C/O ) | |
| ROSS, M. A. MIFFLIN, and UNKNOWN ) | |
| PARTY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Appointment of Counsel (Doc. 42) filed by Plaintiff, David Norington on February 5, 2013. The Motion is **DENIED.**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656.

In his Motion, Plaintiff states that he sought representation from the Will County Legal

Assistance Program, Prairie State Legal Services, and the American Civil Liberties Union – each of which declined representation or failed to respond. The Court finds that contacting legal entities, as oppose to individual lawyers or law firms, is not a reasonable effort to secure counsel without Court intervention. In any event, this Court finds that Plaintiff is capable of prosecuting this action without the assistance of counsel. Plaintiff states that he has "some high school" education. He is capable to articulating his claims, seeking relief in a coherent manner, he appears to appreciate the nature of his claims, and he is capable of following Court direction. The claims in this matter center on an incident that occurred on July 22, 2011 and the fallout of that incident. While there are multiple Defendants in this matter and a variety of claims, they are all interrelated and the Plaintiff has demonstrated the ability to articulate discrete claims against each Defendant. It is further unclear that an expert would be necessary in this case. Finally, the Court notes that Plaintiff states in his Declaration that "Plaintiff Do not have access to Legal material [sic]." Plaintiff is currently incarcerated at the Menard Correctional Center where there are, in fact, legal materials to which he should have access. Plaintiff has not indicated that he is in segregation or that he has otherwise been prevented from accessing Menard's law library. Therefore, Plaintiff's Motion is **DENIED**. The Court may, however, *sua sponte* seek counsel for Plaintiff if the need arises in the future.

**DATED: February 11, 2013**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**