**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | | |
|---|---|---|---|
| DAVID NORINGTON, NO. B-04938 | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| -vs- | ) | No. | 12-807-GPM |
| | ) | | |
| ILLINOIS DEPARTMENT OF CORRECTIONS | ) | | |
| S.A. GODINEZ, DAVID A. REDNOUR, LT. | ) | | |
| SCOTT, M.J. SCHNICKER, C/O LANGSTON, | ) | | |
| S. BETHEL, N. MAUE, C/O ROSS, M.A. | ) | | |
| MIFFLIN, and UNKNOWN PARTY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**DEFENDANTS' REPLY TO PLAINTIFF'S**
**MOTION FOR DISMISSAL**

NOW COMES Defendants Misti Langston, Nathan Maue, Ralph Ross, Minh Scott, Michael Schnicker, Steve Bethel, and Michael Mifflin, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and in reply to Plaintiff's Motion for Dismissal of Defendants' Motion for Summary Judgment (Doc. 51), state as follows:

**BACKGROUND**

On February 19, 2013, Defendants filed a Motion for Summary Judgment on the issue of exhaustion. (Doc. 48). On February 25, 2013, Plaintiff filed a "Motion for Dismissal of Defendants' Motion for Summary Judgment," which Defendants will treat as a "Response." (Doc. 51). In his cryptic Response, Plaintiff asserts that he did not comply with the exhaustion requirements because he "believes" the Grievance Officer "destroyed or threw away" his grievance so that he could not file within the sixty-day submission period. (Doc. 51, p. 3). However, Plaintiff does not have nor does he allege that he has personal knowledge that the Grievance Officer destroyed or threw away his grievance. (Doc. 51). Plaintiff has not produced

evidence supporting his incongruous assertion that the Grievance Officer destroyed or threw away his grievance. Rather, Plaintiff claims that he "believes" that the Grievance Officer destroyed or threw away his grievance. (Doc. 51, p. 3).

The incident at issue in this case allegedly occurred on July 22, 2011. (Doc. 10, p. 6). Plaintiff claims that he sent the Grievance Officer two grievances on August 15, 2011 (Doc. 10, p. 8). Plaintiff admits that he did not sign, date, and put his ID number on the grievances. (Doc. 51, p. 2). On August 23, 2011, Plaintiff claims that he received a memo from the Grievance Officer, stating that he must fully complete the grievance form "by signing, ID, and date," in order for the grievance to be processed. (Doc. 1-1, p. 29; Doc. 48-2, p. 7). On August 26, 2011, Plaintiff claims that he received the same memo for the second grievance that he filed. (Doc. 10, p. 8). The Grievance Officer did not receive the grievances back. (Ex. A, Tracy Harrington Affidavit). Plaintiff alleges that he received a memo from his Counselor on September 28, 2011, stating that he did not submit a properly signed grievance within the sixty-day timeframe. (Doc. 48-2, p. 5; Doc 48-2, p. 9; Doc. 1-1, p. 30). Plaintiff states that he did not trust the Grievance Officer, so he "rewrote" a grievance and sent it directly to the Administrative Review Board ("ARB") on October 17, 2011. (Doc. 10, pp. 9-10). On or about October 19-20, 2011, the ARB received Plaintiff's alleged "rewritten" grievance, without the Counselor's response, Grievance Officer's report, or the CAO's decision. (Doc. 48-1). On or about October 24, 2011, Jackie Miller, a Chairperson for the ARB, sent Plaintiff a return of grievance or correspondence form informing him that he was required to submit his grievance with the Counselor's response, Grievance Officer's report, and the CAO's decision. (Doc. 48-1).

On November 20, 2011, Plaintiff alleges he sent his rewritten grievance to the Counselor; however, it was denied because his submission was past the sixty-day time limitation. (Doc. 10,

2

p. 10). On December 6, 2012, Plaintiff alleges he sent his rewritten grievance to the Grievance Officer; however, it was denied because his submission was past the sixty-day time limitation. (Doc. 10, p. 10). On December 14, 2011, Plaintiff claims he sent his rewritten grievance to the ARB; however, it was denied because he did not follow the proper grievance procedure at the Facility and his submission was past the sixty-day time limitation. (Doc. 10, p. 10). On February, 16, 2012, Jackie Miller, a Chairperson for the ARB, sent Plaintiff a return of grievance or correspondence form informing him that he did not follow the proper grievance procedure at Menard and that his grievance was not submitted in the timeframe outlined in Department rule 504F. (Doc. 48-2, p. 1).

## <u>ARGUMENT</u>

The plaintiff must come forward with evidence of a specific factual dispute, evidence that would reasonably permit the trier of fact to find in Plaintiff's favor on a material question; otherwise, the court must enter summary judgment against the Plaintiff. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994); *International Union of Operating Engineers v. Associated General Contractors*, 845 F.2d 704, 708 (7th Cir. 1988). Where the plaintiff fails to obtain admissible evidence with regard to an essential element, the defendant should obtain summary judgment. *American Nurses Ass'n v. State of Illinois,* 783 F.2d 716, 729–30 (7th Cir.1986). *See also Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995). In *Rocha v. Scott*, 2010 WL 2038461, S.D.Ill. Case no. 09–475–MJR–CJP (issued March 1, 2010), aff'd *Rocha v. Scott*, 2010 WL 2038499 (S.D.Ill. May 24, 2010) (NO. 09-CV-0475-MJR), this Court stated that when an inmate submits a "grievance to the ARB at the first stage," it indicates that the inmate is attempting to by-pass the grievance procedure. *Rocha*, 2010 WL 2038461, at *4. Furthermore, the Court held that because the plaintiff failed to offer

evidence to rebut defendant's evidence that he did not properly exhaust a grievance regarding the events at issue, the defendant was entitled to summary judgment and dismissal. *Rocha*, 2010 WL 2038461, at *4.

In this case, Plaintiff has failed to produce a copy of the original grievances, which he claims to have filed. The only grievances that Plaintiff has produced are grievances that he admits he rewrote and are not the originals. (Doc. 10, pp. 9-10).

The Grievance Officer did not receive and has no record of receiving the grievances that Plaintiff claims he submitted on August 23 and 26 of 2011. (Ex. A, Tracy Harrington Affidavit). Plaintiff's only excuse for why he was unable to exhaust his grievances is that he "believes" the Grievance Officer "destroyed or threw away" the grievances. (Doc. 51, p. 3). However, Plaintiff does not have nor does he allege that he has personal knowledge that the Grievance Officer destroyed or threw away his grievance. (Doc. 51). Plaintiff has not produced evidence supporting his incongruous assertion that the Grievance Officer destroyed or threw away his grievance.

Similar to the plaintiff in *Rocha*, Plaintiff, in this case, admits that he by-passed the Counselor and Grievance Officer and sent his grievance directly to the ARB on October 17, 2010. (Doc. 10, pp. 9-10). This indicates that Plaintiff was attempting to by-pass the grievance procedure at Menard. *Rocha*, 2010 WL 2038461, at *4. Plaintiff claims that he by-passed the Counselor and Grievance Officer because he did not trust them. (Doc. 10, pp. 9-10). However, he admits that he refilled his rewritten grievances with the Counselor on November 20, 2011 and with the Grievance Officer on December 6, 2012. (Doc. 10, p. 10). Thus, apparently, Plaintiff regained his trust in the Counselor and the Grievance Officer in late November and December of 2011.

Plaintiff's story contradicts itself from beginning to end and his allegations completely lack evidence and credibility. No reasonable finder of fact could conclude that prison officials prevented him from properly exhausting his remedies; rather, the overwhelming evidence establishes that he was responsible for failing to exhaust. Accordingly, Defendants are entitled to summary judgment and Plaintiff's case should be dismissed.

## CONCLUSION

Wherefore, for the above and foregoing reasons, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment and dismiss Plaintiff's lawsuit.

Respectfully submitted,

MISTI LANGSTON, NATHAN MAUE, RALPH ROSS, MINH SCOTT, MICHAEL SCHNICKER, STEVE BETHEL, AND MICHAEL MIFFLIN,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Robert Rottach #6302887
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-1841 Phone
(217) 524-5091Fax

Of Counsel.

Attorney for Defendants,

BY:   \s\Robert Rottach
        Robert Rottach
        Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS**

| | | | |
|---|---|---|---|
| DAVID NORINGTON, NO. B-04938 | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| -vs- | ) | No. | 12-807-GPM |
| | ) | | |
| ILLINOIS DEPARTMENT OF CORRECTIONS | ) | | |
| S.A. GODINEZ, DAVID A. REDNOUR, LT. | ) | | |
| SCOTT, M.J. SCHNICKER, C/O LANGSTON, | ) | | |
| S. BETHEL, N. MAUE, C/O ROSS, M.A. | ) | | |
| MIFFLIN, and UNKNOWN PARTY, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2013, I electronically filed *Defendants' Reply to Plaintiff's Motion for Dismissal* with the Clerk of the Court using the CM/ECF system and I hereby certify that on March 11, 2013, I caused a copy of the foregoing described document to be mailed by United States Postal Service, to the following non-registered participant:

David Norington #B04938
Menard Correctional Center
Post Office Box 711
Menard, IL  62259

Respectfully submitted,

s/Robert Rottach
Robert Rottach #6302887
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091