IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID NORINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 12-807-GPM |
| | ) |
| LIEUTENANT SCOTT, MJ SCHNICKER, | ) |
| C/O LANGSTON, S BETHEL, N MAUE, | ) |
| C/O ROSS, MA MIFFLIN, and | ) |
| UNKNOWN C/O, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

In this 42 U.S.C. § 1983 action, Plaintiff claims that Defendants variously assaulted him and failed to intervene in the assault. Defendants moved for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e) (Doc. 48). Pursuant to *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), United States Magistrate Judge Donald G. Wilkerson held an evidentiary hearing on the motion for summary judgment on April 17, 2013 (Doc. 60). This matter is now before the Court on the resulting Report and Recommendation of Judge Wilkerson (Doc. 62), recommending that this Court deny Defendants' motion for summary judgment and find that Plaintiff did exhaust his administrative remedies. Judge Wilkerson's Report and Recommendation was entered April 19, 2013. No objections have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR

73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, quoting 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where–as here–neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

The record and the evidence adduced at the *Pavey* hearing indicate that Plaintiff did submit grievances as required. He attempted to forward his grievance up the chain of command. The Magistrate Judge found Plaintiff credible (Doc. 62, p. 7) and this Court credits that determination. Therefore, and particularly in light of the lack of objection to the Report and Recommendation, that Report is **ADOPTED** and Defendants' motion for summary judgment on the basis of exhaustion is **DENIED.** Plaintiff's pending motions requesting the Court to compel discovery are denied as the Magistrate Judge will reset scheduling deadlines at his discretion.

**IT IS SO ORDERED.**

**DATED**: September 13, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge